1  PHILIP M. MILLER (SBN 87877)
   KRISTEN McCULLOCH (SBN 177558)
2  SALTZMAN & JOHNSON LAW CORPORATION
   120 Howard Street, Suite 520
3  San Francisco, CA 94105
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   pmiller@sjlawcorp.com
5  kmcculloch@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 AUTOMOTIVE INDUSTRIES PENSION
   TRUST FUND, JAMES H. BENO, Trustee,
11 BILL BRUNELLI, Trustee, STEPHEN J.          **COMPLAINT**
   MACK, Trustee, CHRIS CHRISTOPHERSEN,
12 Trustee, DON CROSATTO, Trustee, CRAIG
   ANDREWS Trustee, GEORGE HALL, JR.,          08        1755
13 Trustee, CHARLES J. DI BARI, Trustee, RON
   NELSON, Trustee, and JAMES V.
14 CANTERBURY, Trustee,

15              Plaintiffs,

16 v.                                          JSW

17 STOCKTON AUTO GLASS, INC.,

18              Defendant.

19

20     Plaintiffs, Automotive Industries Pension Trust Fund ("Trust") and its Board of Trustees

21 ("Trustees") (collectively "Plaintiffs"), through their undersigned counsel, allege as follows:

22                          **INTRODUCTION**

23     1.    This action arises under the Employee Retirement Income Security Act of 1974

24 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C

25 §§ 1001-1461 (1982).   Defendant Stockton Auto Glass, Inc. ("Defendant Stockton") was a

26 participating employer in the Trust pursuant to a series of collective bargaining agreements

27 between it and Machinists Automotive Trades District Lodge No. 190 of Northern California, a

28

                                1                        COMPLAINT
                                            Case No.:

P:\CLIENTS\AUTPF\W\CASES\Stockton Auto Glass\Pleadings\Complaint 040108.DOC

1  labor organization representing employees in an industry affecting interstate commerce. Plaintiffs

2  allege that in September 2005 Defendant Stockton withdrew from participation in the Trust. The

3  Trust assessed Defendant Stockton with withdrawal liability of $206,565.26. On August 3, 2006,

4  Plaintiffs notified Defendant Stockton of the assessed withdrawal liability and that payment

5  thereof could be made in forty-three (43) quarterly payments beginning September 31, 2006 [sic].

6  Under the statutory provisions of ERISA, the entire amount of withdrawal liability becomes

7  immediately due and payable if Defendant Stockton is in default of its withdrawal liability

8  payments. No payment of the withdrawal liability was received by the Trust on or before

9  September 30, 2006. On November 6, 2006, Plaintiffs notified Defendant Stockton that, pursuant

10  to ERISA, it would be in default if it failed to cure its non-payment. As of the filing of the

11  Complaint, no withdrawal liability payment has been received by the Trust.

12      2.    Under ERISA a control group is considered to be single employer making each

13  member of the control group jointly and severally liable for their own and each other member of

14  the control group's withdrawal liability. ERISA Section 4001(b) (29 U.S.C. § 1301(b)(1)).

15      3.    Plaintiffs, therefore, seek a money judgment against the Defendant Stockton and

16  each member of any control group awarding the entire assessed withdrawal liability plus interest,

17  liquidated damages and costs, including attorneys' fees. Alternatively, Plaintiffs seek a money

18  judgment against the Defendant Stockton and each member of any control group awarding

19  delinquent quarterly withdrawal liability payments arrearages plus interest, liquidated damages

20  and costs, including attorneys' fees. Plaintiffs also seek injunctive relief against the Defendant

21  Stockton and each member of any control group.

22                              **PARTIES**

23      4.    Plaintiff Automotive Industries Pension Trust Fund ("Trust") is (a) an employee

24  benefit plan as defined in the ERISA Section 3(3) (29 U.S.C. §1002(3)), (b) "employee benefit

25  pension plan" as defined in 3(2) of ERISA (29 § U.S.C. 1002(2)) and (c) a "multiemployer plan"

26  as defined in 3(37) and 4001(a)(3) of ERISA (29 U.S.C. §§ 1002(37) and 1301(a)(3)).

27      5.    Plaintiffs James H. Beno, Bill Brunelli, Stephen J. Mack, Chris Christophersen,

28  Don Crosatto, Craig Andrews, George Hall, Jr., Charles J. Di Bari, Ron Nelson and James V.

1 Canterbury are each members of the Board of Trustees of the Trust ("Trustees").  Plaintiff

2 Trustees are "fiduciaries" with respect to the Trust as defined in 3(21)(A) of ERISA (29 U.S.C. §

3 1002(21)(A)), and are collectively the Board of Trustees' "plan sponsor" within the meaning of

4 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)).

5       6.    The Trust and the Trustees are herein referred to as "Plaintiffs".

6       7.    The Plaintiffs are empowered to bring this action on behalf of the Trust pursuant to

7 4301(a)(1) and (b) and 502(a)(3) of ERISA (29 U.S.C. §§ 1451(a)(1) and (b) and 1132(a)(3)).  The

8 Trust is a jointly administered Trust Fund created and maintained pursuant to 302(c) of the Labor

9 Management Relations Act (29 U.S.C. § 186(c)).

10       8.    Defendant Stockton is a California corporation registered with the California

11 Secretary of State to do business in California and is an employer within the meaning of 3(5) of

12 ERISA (29 U.S.C. § 1002(5)) and at all relevant times was engaged in commerce, in an industry

13 affecting commerce, within the meanings of 3(11) and (12) of ERISA (29 U.S.C. § 1002(11) and

14 (12)).  Defendant Stockton employed employees up through and including September 2005, who

15 were jointly represented for the purposes of collective bargaining by Machinists Automotive

16 Trades District Lodge No. 190 of Northern California (the "Union"), a labor organization

17 representing employees in an industry affecting interstate commerce.  Before the sale of all of its

18 business assets, Defendant Stockton's principal place of business was located at located at

19 345 N. Wilson Way, Stockton, California 95205.

20       9.    Defendant Stockton was a party to a collective bargaining agreement with the

21 Union, was a participating employer in the Trust under the terms of the collective bargaining

22 agreement, and was obligated to and did make contributions to the Trust on behalf of its

23 employees covered under the collective bargaining agreement.

24       10.    All trades or businesses that are within a control group are treated as a single

25 employer for purposes of withdrawal liability [ERISA Section 4001(b)(1) (29 U.S.C. §1301(b))]

26 and are each the employer liable for the withdrawal liability owed the Trust [ERISA Section 3(5)

27 (29 U.S.C. §1002(5))].

28 ///

**3**

**COMPLAINT**

**Case No.:**

**JURISDICTION**

11.     Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of 4301(c) and 502(e)(1) and (f) of ERISA. 29 U.S.C. §§ 1451(c) and 1132(e)(1) and (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the pension plan, seek redress for Defendant's violations of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

**VENUE**

12.     Venue is conferred upon this Court by 4301(d) and 502(e)(2). 29 U.S.C. §§ 1451(d) and 1132(e)(2). Where an action is brought under Sections 4301 and 502 of ERISA (29 U.S.C. §§ 1451 and 1132) in a district court of the United States, it may be brought, at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a Defendant resides or may be found, and process may be served in any other district where a Defendant resides or may be found. The Trust, on whose behalf Plaintiffs bring this action, is administered in this district from its principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

**FACTUAL ALLEGATIONS**

13.     During 2006, Stockton made a complete withdrawal under ERISA § 4203(b) (29 U.S.C. 1383(b)) from the Automotive Industries Pension Plan ("Plan").

14.     In a letter dated August 3, 2006, the Administrator for the Trust notified Defendant Stockton that:

        a.  the Plan has a fiscal year running from January 1 through December 31, the withdrawal liability is, therefore, calculated as of December 31, 2005 as required by ERISA § 4211(b)(2)(A) (29 U.S.C. 1391(b)(2)(A));

        b.  as of December 31, 2005 the withdrawal liability of Stockton Company was $206,565.26;

        c.  it could either pay the full amount off as a lump sum or make 43 quarterly payments (the first 42 payments at $6,750.00 and the last payment at $1,618.31).

**COMPLAINT**

Case No.:

P:\CLIENTS\AUTPF\W\CASES\Stockton Auto Glass\Pleadings\Complaint 040108.DOC

       d.  the first withdrawal liability quarterly payment would be due September 31, 2006 [sic];

       e.  if it wished to challenge the calculation of the withdrawal liability, it must request review within 90 days.

15.    In a letter dated September 5, 2006 sent by counsel for Defendant Stockton to the Administrator for the Trust, Defendant Stockton disputed the assessed withdrawal liability, requested review of the basis for the withdrawal liability assessed pursuant to ERISA Section 4219, requested arbitration pursuant to ERISA Section 4221 and represented that there are no assets from which to pay the assessed withdrawal liability.

16.    In response, on October 3, 2006 the Administrator for the Trust provided Defendant Stockton with copies of: (1) the Withdrawal Liability Valuation as of January 1, 2006, (2) Form 5500 for the Plan Year 2004, (3) Trust Agreement and (4) Summary Plan Description. The Administrator for the Trust also informed Defendant Stockton that the matter was being referred to counsel for the Trust for any further response concerning its request for review.

17.    In a letter dated November 6, 2006 addressed to counsel for Defendant Stockton, counsel for the Trust stated that the letter from Stockton Auto Glass dated September 5, 2006 provided no written basis or documentation for its request for review, and, therefore, the Trust's determination concerning the assessed withdrawal liability is unchanged. The November 6, 2006 letter also stated that:

- the first withdrawal liability payment, which was due September 30, 2006, was not received;
- if payment was not received by January 5, 2007, the Plan will declare it in default, under the authority of ERISA Section 4219(c)(5); and
- will require immediate payment of the entire outstanding withdrawal liability assessed of $206,565.26, plus interest and liquidated damages on the full amount.

18.    By the letter dated November 6, 2006, counsel for the Trust also requested Defendant Stockton to provide the Trust specific documentary information so that the Trust may assess its claim that there are no assets from which to pay the assessed withdrawal liability.

5                 **COMPLAINT**

19.    By letter dated January 12, 2007, counsel for Defendant Stockton stated that due to the insolvency and the sale of substantially all assets, the assessment of withdrawal liability is subject to limitations under ERISA 4225(a) and (b).    Defendant Stockton also requested a response to its request for review and documents related to any withdrawal liability rules or procedures adopted by the Trustees.

20.    In a letter dated January 16, 2007, The Trust provided Defendant Stockton a copy of the Trust's withdrawal liability procedures.    The Trust reiterated that any further response to its request for review of the assessed withdrawal liability based on claims of insolvency and sale of substantially all of its assets can be done only after Defendant Stockton provides documentation previously requested and the assessment reviewed.

21.    To date, the Trust has not received any payment of the assessed withdrawal liability.

22.    Defendant Stockton and no member of any control group initiated arbitration.

### FIRST CAUSE OF ACTION

### Defendant is in Default Under 4219(c)(5) of ERISA

23.    Plaintiffs re-allege and incorporate by reference paragraphs 1 – 22 above as though they were fully set forth herein.

24.    Defendant Stockton made a "complete withdrawal" from the Trust as that term is defined in ERISA Section 4203(a) (29 U.S.C. § 1383(a)).

25.    By letter dated July 26, 2007, Plaintiffs notified Defendant Stockton of its assessed withdrawal liability pursuant to ERISA Section 4201 and ERISA Section 4202 (29 U.S.C. §1381 et seq.) in the total amount of $206,565.26, requiring 42 quarterly installment payments of withdrawal liability of $6,750.00 and a final 43rd payment of $1,618.31, beginning September 30, 2006. The amounts were calculated in accordance with ERISA Section 4211 (29 U.S.C. §1391).

26.    By letter dated November 6, 2006, Plaintiffs sent written notification to Defendant Stockton that it was delinquent to the Trust for its first withdrawal liability payment, and that its failure to correct the delinquency on or before January 5, 2007 would result in the Trust declaring it to be in default, defined under ERISA Section 4219(c)(5)(A) and (B) (29 U.S.C. § 1399(c)(5)

**6**

**COMPLAINT**

**Case No.:**

1  (A) and (B)) and that the entire amount of withdrawal liability, plus interest and liquidated

2  damages, would be accelerated and due and payable pursuant to Section 4219(c)(5) of ERISA (29

3  U.S.C. § 1399(c)(5)).

4       27.    ERISA Section 4219(c)(5) provides that a default of payment of withdrawal

5  liability occurs upon an employer's failure to make any payment when due and not cured by the

6  employer within sixty (60) days after the employer receives written notification from the plan

7  sponsor of such failure.

8       28.    To date, no curing payment has been received from Defendant Stockton or any

9  member of any control group, and the sixty (60) day period for cure has lapsed.

10       29.    Defendant Stockton and each member of any control group are, therefore, in default

11  under Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)).

12       30.    In the event of default, the Trust may accelerate withdrawal liability under ERISA

13  Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

14       31.    Since the sixty (60) day period elapsed prior to the date of this Complaint and

15  Defendant has failed to cure the default, Plaintiffs seek Judgment for the entire amount of

16  outstanding withdrawal liability due under its demand, plus accrued interest pursuant to ERISA

17  Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

18       32.    Defendant Stockton and each member of any control group are, therefore, required

19  to immediately pay the outstanding amount of "withdrawal liability, plus accrued interest on the

20  total outstanding liability from the due date of the first payment which was not timely made."

21  ERISA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

22       33.    Failure to timely pay assessed withdrawal liability shall be treated in the same

23  manner as a delinquent contribution within the meaning of ERISA Section 515 (29 U.S.C. §

24  1145). ERISA Section 4301(b) (29 U.S.C. § 1451(b)). Defendant Stockton and each member of

25  any control group are, therefore, also required to pay liquidated damages and costs, including

26  reasonable attorneys' fees.

27  ///

28  ///

**COMPLAINT**

Case No.:

## SECOND CAUSE OF ACTION

### Failure to Make Timely Quarterly Withdrawal Liability Payments

34.     Plaintiffs re-allege and incorporate by reference paragraphs 1 – 33 above as though they were fully set forth herein.

35.     The first seven withdrawal liability payments were due as follows:

| | |
|---|---|
| September 30, 2006 | $6,750.00 |
| December 31, 2006 | $6,750.00 |
| March 31, 2007 | $6,750.00 |
| June 30, 2007 | $6,750.00 |
| September 30, 2006 | $6,750.00 |
| December 31, 2007 | $6,750.00 |
| March 31, 2008 | $6,750.00 |

None of these payments was received by the Trust.

36.     ERISA Section 4219(c)(2) (29 U.S.C. § 1399(c)(2)) requires withdrawal liability payments to be: payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.

37.     ERISA Section 4221(d) (29 U.S.C. §1401(d)) requires that Defendant make withdrawal liability assessments when due. Despite the foregoing, Defendant Stockton and each member of any control group have failed to make any quarterly withdrawal liability payment towards the assessed withdrawal liability.

38.     As of the date of the filing of this Complaint, Defendant is in arrears for seven quarterly withdrawal liability payments during the period of September 30, 2006 through March 31, 2008. The total amount in arrears is $47,250.00.

39.     Defendant has a statutory duty to make the required payments timely to the Trust under ERISA Section 515 (29 U.S.C. § 1145) and ERISA Section 4221(d) (29 U.S.C. § 1401(d)) and by failing to make such timely payment has violated the law.

**COMPLAINT**

Case No.:

40.    ERISA Section 4301(b) (29 U.S.C. § 1451(b)) provides that in any action under 4301(b) of ERISA (29 U.S.C. § 1451(b)) "to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 515 [29 U.S.C. § 1145])."

41.    Plaintiffs, therefore, seek an alternative Judgment for the quarterly withdrawal liability payments due through the date of judgment, plus accrued interest, liquidated damages and costs, including reasonable attorneys' fees.    Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)).

### THIRD CAUSE OF ACTION

### Injunctive Relief

42.    Plaintiffs re-allege and incorporate by reference paragraphs 1 – 42 above as though they were fully set forth herein.

43.    The failure of Defendant to make the quarterly withdrawal liability payments in accordance with 4219(c)(2) of ERISA (29 U.S.C. § 1399(c)(2)) has caused the Trust to sustain loss of investment income and has further caused the Trust to incur administrative and legal expenses.

44.    Defendant has failed to provide the Trust with the information requested concerning the identity of each member of the control group as required by ERISA Section 4219(a) (29 U.S.C. § 1399(a)).

45.    Defendant has failed to discharge its statutory obligations and has caused the Trust to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

### SERVICE ON PBGC

46.    A copy of this complaint will be served upon the Pension Benefit Guaranty Corporation by certified mail as required by Section 4301(g) of ERISA (29 U.S.C. § 1451(g)).

///

///

9

**COMPLAINT**

Case No.:

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

A.    On the First Cause of Action:

1.    For an order finding that Defendant Stockton and each member of any control group:

a.    failed to request review of the assessed withdrawal liability within 90 days after Defendant Stockton received written notification of the assessed withdrawal liability as required by ERISA Section 4219(b)(2) (29 U.S.C. §1399(b)(2));

b.    failed to timely initiate arbitration as required by ERISA 4221(a)(1) (29 U.S.C. § 1401(a)(1));

c.    are in default for failing to cure the non-payment of the quarterly assessed withdrawal liability within 60 days after Defendant Stockton received written notification of such failure as required by ERISA Section 4219(c)(5)(A) (29 U.S.C. § 1399(c)(5)(A));

d.    are a single employer and are, therefore, jointly and severally liable for the assessed withdrawal liability;

2.    For entry of a judgment against Defendant Stockton and each member of any control group, jointly and severally, as follows:

a.    liable to make immediate payment of the entire amount of the assessed withdrawal liability of $206,565.26 to Plaintiffs, pursuant to Section 4219(c)(5) of ERISA (29 U.S.C. § 1399(c)(5)), less any payments made;

b.    liable to pay interest to Plaintiffs on the entire withdrawal liability payments at the rates prescribed under Section 6621 of the Internal Revenue Code of 1986, as amended (26 U.S.C. §6621) and/or the rates pursuant to Section 4219(c)(5) and (6) of ERISA (29 U.S.C. § 1399(c)(5) and (6)) at the time of judgment;

c.    liable to pay to Plaintiffs liquidated damages, pursuant to Sections 502(g)(2) and 4301(b) of ERISA (29 U.S.C. §§ 1132(g)(2) and 1451(b)), equal to the greater of:

i)    the accrued interest on the delinquent quarterly withdrawal liability payments not paid when due at the time of judgment, or

**COMPLAINT**

Case No.:

1            ii)    an amount equal to twenty percent (20%) of the amount of

2    delinquent quarterly withdrawal payments not paid when due at the time of judgment;

3            d.    liable to pay Plaintiffs' reasonable attorneys fees and costs of this

4    action as permitted by Sections 502(g) and 4301(e) of ERISA, as amended (29 U.S.C. §§ 1132(g)

5    and 1451(e));

6            e.    liable for such other relief as this Court may deem proper.

7        B.    On the Second Cause of Action:

8           1.    For an order finding that Defendant Stockton and each member of any

9    control group:

10            a.    failed to request review of the assessed withdrawal liability within

11    90 days after Defendant Stockton received written notification of the assessed withdrawal liability

12    as required by ERISA Section 4219(b)(2) (29 U.S.C. §1399(b)(2));

13            b.    failed to timely initiate arbitration as required by ERISA 4221(a)(1)

14    (29 U.S.C. § 1401(a)(1));

15            c.    are in default for failing to cure the non-payment of the quarterly

16    assessed withdrawal liability within 60 days after Defendant Stockton received written notification

17    of such failure as required by ERISA Section 4219(c)(5)(A) (29 U.S.C. § 1399(c)(5)(A));

18            d.    are a single employer and are, therefore, jointly and severally liable

19    for the assessed withdrawal liability;

20           2.    For entry of an alternative judgment against Defendant Stockton and each

21    member of any control group, jointly and severally, as follows:

22            a.    for payment of all unpaid quarterly withdrawal liability payments

23    due at the time of the judgment;

24            b.    liable to pay interest to Plaintiffs on the delinquent quarterly

25    withdrawal liability payments not paid when due at the rates prescribed under Section 6621 of the

26    Internal Revenue Code of 1986, as amended (26 U.S.C. §6621) and/or the rates pursuant to

27    Section 4219(c)(5) and (6) of ERISA (29 U.S.C. § 1399(c)(5) and (6)) at the time of judgment;

28

**COMPLAINT**

P:\CLIENTS\AUTPF\W\CASES\Stockton Auto Glass\Pleadings\Complaint 040108.DOC

1      c.    liable to pay to Plaintiffs liquidated damages, pursuant to Sections

2   502(g)(2) and 4301(b) of ERISA (29 U.S.C. §§ 1132(g)(2) and 1451(b)), equal to the greater of:

3           i)    the accrued interest on the delinquent quarterly withdrawal

4   liability payments not paid when due at the time of judgment, or

5           ii)    an amount equal to twenty percent (20%) of the amount of

6   delinquent quarterly withdrawal payments not paid when due at the time of judgment;

7      d.    liable to pay Plaintiffs' reasonable attorneys fees and costs of this

8   action as permitted by Sections 502(g) and 4301(e) of ERISA, as amended (29 U.S.C. §§ 1132(g)

9   and 1451(e));

10     e.    liable for such other relief as this Court may deem proper.

11   C.    On the Third Cause of Action:

12     1.    For entry of a judgment against Defendant Stockton and each member of

13   any control group, jointly and severally, as follows:

14     a.    injunctive relief ordering timely payment of all future quarterly

15   withdrawal liability payments;

16     b.    injunctive relief ordering that the Trust be provided with a list of all

17   trades or businesses which are in the same control group as Stockton Company;

18     c.    other such injunctive relief as this Court may deem proper.

19   Dated:    April 2, 2008              SALTZMAN & JOHNSON LAW CORPORATION
                                          RICHARD C. JOHNSON
20                                        KRISTEN McCULLOCH

21

22                          By:  _Kristen McCulloch_

23                               Kristen McCulloch
                                 Attorneys for Plaintiffs

24

25

26

27

28

**12**                                    **COMPLAINT**